UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BAYOU INSPECTION SERVICES, INC. | CIVIL ACTION |
| VERSUS | NO.  11-2643 |
| ORION CONSTRUCTION LP | SECTION "N"  (3) |

### **ORDER AND REASONS**

Before the Court is "Defendant in Cross-claim, First Mercury Insurance Company's Motion to Dismiss Pursuant to Federal Rule 12(b)(6), or in the Alternative, Motions to Strike Pursuant to Rule 12(f) and for More Definite Statement Pursuant to Rule 12(e)" **(Rec. Doc. 98)**, which seeks to dismiss the claims for bad faith penalties and attorney fees brought against First Mercury by its insured, Bayou Inspection Services, Inc.

One of First Mercury's arguments for dismissal is that the policy contains a "no action" clause, which establishes a condition precedent to filing suit.  First Mercury quotes this policy provision as follows:

> "**No action shall lie against the company** [emphasis added] unless, as a condition precedent thereto…the amount of the '*named insured's* obligation to pay has been finally determined either by written agreement of the '*named insured '* the claimant and the Company or by final judgment against the '*named insured'* after the actual trial of the issues and the period of time to appeal has elapsed without an appeal having been taken or, if an appeal has been taken, then until after such appeal has been determined."

Rec. Doc. 98-1 at 8 (bold, brackets, and ellipsis added by counsel; italics in policy).  First Mercury argues that "[t]his contractual provision clearly reflects the agreement between Bayou and First Mercury that Bayou has no right to bring any action against the company until the

condition precedent is satisfied by way of a written agreement or final adjudication of the issues related to the insured's obligation to pay." *Id.* at 8.  In fact, the actual policy provision is materially different.  In the place where First Mercury inserted an ellipsis, the policy provides an alternative method of satisfying the condition precedent.  The provision actually provides:

> No action shall lie against the company unless, as a condition precedent thereto**, each *"insured"* has fully complied with all the provisions of the policy, OR until** the amount of the *"named insured's"* obligation to pay has been finally determined either by written agreement of the *"named insured,"* the claimant and the Company or by final judgment against the *"named insured"* after the actual trial of the issues and the period of time to appeal has elapsed without an appeal having been taken or, if an appeal has been taken, then until after such appeal has been determined.

Rec. Doc. 27-6 at 6 of 32 (bold, underline and all capitals added; italics in original).  The language presented in bold print is the language that was omitted from the quotation in First Mercury's memorandum.  First Mercury's omission of the highlighted language changed the substance and meaning of the quoted provision in a material way.  Such misrepresentations are serious and will not be tolerated.  *See, e.g., Dube v. Eagle Global Logistics*, 314 F.3d 193, 194-95 (5th Cir. 2002) (imposing sanctions after having rejected appellant's briefs as noncompliant because *inter alia* they "had 'grossly distorted' the record through the use of ellipses to misrepresent the statements and orders of the district court"), *sanction order vacated as moot in light of settlement reached by the parties*, Feb. 4, 2003; *In re Fletcher*, 424 F.3d 783, 795 (8th Cir. 2005) (affirming disciplinary action and agreeing "that by selectively quoting deposition testimony in a way that grossly mischaracterized deponents' statements, [attorney] went beyond zealous representation into deceptive and misleading practices"), *cert. denied*, 547 U.S. 1071

(2006); *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1355-56 (affirming sanctions upon finding that attorney had distorted meaning of legal authority by omitting unfavorable language from quotations and inserting ellipses); *Lake Wright Hospitality, LLC v. Holiday Hospitality Franchising, Inc.*, 2009 WL 2606254 *47-48 (E.D. Va. 2009) (recommending sanctions for *inter alia* selective quotations and "[c]lever use of ellipses" and omissions that changed meaning of statement), *aff'd by district court*, 2009 WL 4841017 *1, *12-13 (E.D. Va. 2009); *Strum v. Ross*, 11 F. Supp. 2d 942, 946-47 (S.D. Tex. 1998) (issuing warning where defendants misrepresented testimony through use of selective quotations); *Angelico v. Lehigh Valley Hospital, Inc*., 1996 WL 524112 *4-5 (E.D. Pa. 1996) (ordering sanctions *inter alia* for plaintiff's use of ellipses to distort content of opponents' briefs), *aff'd*, 184 F.3d 268, 279-80 (3d Cir. 1999).

Accordingly,

**IT IS ORDERED** that First Mercury's motion (Rec. Doc. 98) is hereby **STRICKEN**.

New Orleans, Louisiana, this 13th day of March, 2013.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**KURT D. ENGELHARDT**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

3